NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| SUSAN WHITE, et al., | : |
| Plaintiffs, | : Civil No. 04-3082 (AET) |
| v. | : **MEMORANDUM & ORDER** |
| INTERCONTINENTAL HOTELS GROUP, et al., | : |
| Defendants. | : |

THOMPSON, U.S.D.J.

This matter is before the Court on the Motion to Apply Virginia Substantive Law made by Defendants International Hotels Group[1] and Holiday Inn Select. The Court has decided this motion based upon the submissions of the parties and without oral argument pursuant to Fed. R. Civ. P. 78. For the following reasons, Defendants' motion is granted.

Plaintiff Susan White and her husband, Plaintiff Kenneth White, are domiciliaries of New Jersey. Defendants are the owners of the Holiday Inn Select Hotel in Lynchberg, Virginia.[2] In early July 2002, the Whites stayed at Defendants' hotel while vacationing in Virginia. The Whites allege that, during that trip, Mrs. White injured her foot and leg on a "trip hazard" that

---

[1] Defendants' attorney asserts that Plaintiff incorrectly named International Hotels Group as a defendant and instead should have named Holiday Hospitality Franchising, Inc.

[2] While Defendants assert in their Answer that "Holiday Hospitality Franchising, Inc., does not own, manage, operate or maintain the subject hotel," they apparently concede ownership in their brief in support of this motion. (Def.'s Br. 4.)

Defendants had negligently failed to remove from the hotel's parking lot.

The issue now before the Court is whether New Jersey or Virginia law will govern Plaintiffs' negligence claim. In analyzing this issue, the Court must apply the choice of law rules of New Jersey, the forum state. Klaxon Co. v. Stentor Elect. Mfg. Co., 313 U.S. 487, 497 (1941); Echols v. Pelullo, 377 F.3d 272, 275 (3d Cir. 2004). New Jersey resolves choice of law issues using a "governmental-interest" analysis, under which "the determinative law is that of the state with the greatest interest in governing the particular issue." Veazey v. Doremus, 103 N.J. 244, 247-48 (1986). "[C]hoice of law determinations are made on an issue-by-issue basis, with each issue receiving separate analysis." Erny v. Estate of Merola, 171 N.J. 86, 94 (2002) (citing Veazey, 103 N.J. at 247).

The Court must first determine if there is a conflict between the negligence laws of Virginia and New Jersey. If there is an actual conflict, the Court must then "identify the governmental policies underlying the law of each state, and how those policies are affected by each state's contacts to the litigation and to the parties." Veazey, 103 N.J. at 248. "If a state's contacts are not related to the policies underlying its law, then that state does not possess an interest in having its law apply." Id.

The state laws at issue here are distinctly in conflict. See, e.g., O'Connor v. Busch Gardens, 255 N.J. Super. 545, 548-49. Virginia has maintained the common law rule of contributory negligence, under which any negligence on the part of the plaintiff will bar recovery. Litchford v. Hancock, 232 Va. 496, 499 (1987) ("Negligence of the parties may not be compared, and any negligence of a plaintiff which is a proximate cause of the accident will bar a recovery." (citing Fein v. Wade, 191 Va. 203, 210 (1950))). New Jersey, in contrast, has enacted a

comparative negligence statute, "which does not so greatly penalize an injured person who shares responsibility for the injury." O'Connor, 255 N.J. Super. at 549 (citing N.J. Stat. Ann. § 2A:15-5.1-.8 (West 2005); Ostrowski v. Azzara, 111 N.J. 429, 437 (1988)).

Underlying Virginia's contributory negligence law is its "significant interest in deterring unsafe property conditions and unsafe conduct of people and enterprises located there." O'Connor, 255 N.J. Super. at 549. Virginia's law also advances its policy interests in protecting defendants from claims and in holding down insurance costs. Shuder v. McDonald's Corp., 859 F.2d 266, 271 (3d Cir. 1988) (Greenberg, J.). Those policies are directly implicated by Virginia's contacts with this litigation, and Virginia accordingly possesses a great interest in having its law apply.

While New Jersey does not have a significant policy interest in deterring unsafe conditions and conduct in Virginia or in the cost of purchasing insurance there, New Jersey's comparative negligence law does advance its legitimate policy interest in "the fair compensation of injured New Jersey residents." O'Connor, 255 N.J. Super. at 549. This policy, however, is at most tangentially related to New Jersey's contacts with this litigation. New Jersey's status as the forum state is irrelevant, and its status as Plaintiffs' state of domicile "cannot exempt them from other states' law setting standards for local conditions and conduct." Id.; see also Shuder, 859 F.2d at 272 ("Surely Virginia has an interest in how persons conduct themselves within the state. The place of the accident was not fortuitous . . . [r]ather, the accident arose from the use of and condition of property, traditionally matters of local control.").

Although New Jersey has an interest in the application of its comparative negligence law in this case, the Court finds that interest to be substantially outweighed by Virginia's interest in

having its contributory negligence law apply. The Court therefore concludes that, under New Jersey's choice of law rules, it must apply Virginia's contributory negligence law.

For these reasons, and for good cause shown,

IT IS on this 12th day of December, 2005,

ORDERED that Defendants' Motion to Apply Virginia Substantive Law [9] is GRANTED.

                                                                     s/Anne E. Thompson
                                                              ANNE E. THOMPSON, U.S.D.J.